[Crim. No. 13583. Third Dist. Aug. 23, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT ORIN LEWIS, JR., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the introduction, facts, part III, and disposition are certified for publication; parts I and II are not to be published.

**COUNSEL**

Kenneth J. Hilliard, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Nancy Sweet, Supervising Deputy Attorney General, and David Rhodes, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**CARR, J.**—Defendant Robert Orin Lewis, Jr., and codefendant, Michael Ray Fowler, were each charged by information with two counts of burglary (Pen. Code, § 459—count I, burglary of the Country Store; count II, burglary of the Coffee Mug Restaurant) and one count of possession of tools designed to break into a vending machine (Pen. Code, § 466.3—count III). Each was convicted by a jury of counts II and III but acquitted on count I.[1]

Sentenced to state prison for the middle term of two years for the burglary with a concurrent term of one year in the county jail for the possession conviction, defendant appeals contending: (1) juror misconduct requires reversal; (2) the evidence was insufficient to support the burglary conviction; and (3) because a boltcutter is not a tool "designed" to break into a vending machine as required by Penal Code section 466.3, there was a failure of proof as to count III. The last contention has merit.

FACTS

At approximately 10:30 p.m., July 30, 1983, Robert Race discovered that his business establishment in Walker, named the Country Store, had been burglarized and $200 to $300 worth of coins had been taken from video machines.

---

[1]Codefendant Fowler's convictions were affirmed on appeal on June 10, 1985, in 3 Crim. 13452.

On that same date, just before midnight, in nearby Bridgeport, Sue H. was jogging when she saw defendant walk from a white, primed van to an ice vending machine and use a pair of boltcutters to cut the locks. When defendant saw Sue he walked back to the van and handed the boltcutters to a male in the van. Sue returned to her place of employment and notified the police.

Mono County Deputy Sheriff Sheldon Rutherford, who was investigating the burglary of the Country Store, received word of Sue's observations shortly after midnight. About 12:40 a.m., he and Investigator Daniels stopped the van seen by Sue. Defendant was driving and codefendant Fowler, who was the registered owner of the van, was in the back. Although the boltcutters could not be found when the van was searched, officers found a plastic butter bucket behind the driver's seat containing $65.90 in quarters, dimes and nickles.

At 7 a.m., July 31, Betty Meier discovered that her business establishment, the Coffee Mug Restaurant which was only a short distance from the Country Store, had been burglarized. Meier estimated that approximately $70 to $75 in coins had been taken as well as a plastic butter bucket. Entry had been gained by breaking the window next to the door. A shoeprint was found on one of the pieces of glass inside the restaurant. The pattern on the sole of the shoes defendant was wearing the night he was apprehended was similar to the print found on the glass.

Lenora B., codefendant Fowler's sister, testified she had given Fowler a bucket similar to the one found in his van for the storage of his tools.

### I*

. . . . . . . . . . . . . . . . . . . . . .

### III

Defendant contends he was wrongfully convicted of violating Penal Code section 466.3. This section makes it a misdemeanor for "(a) Whoever possesses a key, tool, instrument, explosive, or device, or a drawing, print, or mold of a key, tool, instrument, explosive, or device, designed to open, break into, tamper with, or damage a coin-operated machine as defined in subdivision (b), with the intent to commit a theft from such machine, . . ."

---

*See footnote, *ante*, page 594.

Subdivision (b) defines " 'coin-operated machine' " as inter alia a "vending machine."

■ Defendant does not contest that he had the intent to commit a theft from the ice machine or that the ice machine is a vending machine within the statute but argues that a boltcutter[2] is not a tool, instrument or device which was *designed* to open, break into, tamper with, or damage a coin-operated machine. We agree. As the word "boltcutter" clearly implies, it is a tool designed to cut bolts.[2] There is nothing in the record, or in common experience, which suggests that a boltcutter is an instrument designed for breaking into vending machines, although it may be used for that purpose as can be a myriad of other tools. As the statute proscribes only the possession of objects designed for the specific purpose of breaking into coin-operated machines and a boltcutter is not so designed, the statute is inapplicable to defendant.

## DISPOSITION

Defendant's conviction of violation of Penal Code section 466.3 is reversed and count III charging that violation is dismissed. The superior court is directed to amend the abstract of judgment accordingly. In all other respects, the judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.

---

[2]See Websters New International Dictionary (2d ed. 1934) under "bolt" (p. 304) and "cutter" (p. 653).